United States v. Boodie

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand fifteen.

PRESENT:  GERARD E. LYNCH,
　　　　　　SUSAN L. CARNEY,
　　　　　　　　*Circuit Judges*,
　　　　　　JOHN G. KOELTL*,*
　　　　　　　　*District Judge.*[*]

---

UNITED STATES OF AMERICA,
　　　　　　　　*Appellee*,

　　　　v.　　　　　　　　　　　　　　No.　13-3966

ROBERT BOODIE, aka REGINALD WHITE,
　　　　　　　　*Defendant-Appellant.*

---

**FOR APPELLANT:**　　　JEREMY GUTMAN, New York, NY.

**FOR APPELLEE:**　　　JAMES P. LOONAM, Assistant United States Attorney (JO ANN M. NAVICKAS, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

---

[*] The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Frederic L. Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Robert Boodie challenges his 360-month sentence, imposed after he pleaded guilty to (i) conspiracy to distribute cocaine base, 21 U.S.C. § 846; (ii) conspiracy to commit robbery, 18 U.S.C. § 1951; and (iii) conspiracy to commit murder for hire, § 18 U.S.C. 1958(a). Boodie argues that the sentencing court erred in not crediting against his sentence, pursuant to U.S.S.G. § 5K2.23, approximately 19 months he previously served in state custody for related conduct.

Boodie's assertion that the sentencing court failed to consider his request for credit under § 5K2.23 is belied by the record. The court explicitly considered and rejected Boodie's request, stating: "So the record is clear, I'm not going to deduct the state time." Appellant's App'x at 40. Boodie's contention that he was entitled to credit under § 5K2.23 for his discharged prison term because he would have received credit under U.S.S.G. § 5G1.3 had the term been undischarged is similarly unavailing. Section 5K2.23 provides that a "downward departure *may* be appropriate" for a discharged term if § 5G1.3(b) "*would have* provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense" (emphasis added). Thus, under the plain language of § 5K2.23, a downward departure for a discharged term is discretionary even where an adjustment would have been required for an undischarged term.

Section 5K2.23 also provides that any departure pursuant to the section "should be fashioned to achieve a reasonable punishment for the instant offense." Here, despite Boodie's arguments to the contrary, the court's sentence was clearly not unreasonable. Boodie's 360-month sentence was at the bottom of the guideline range, and the Probation Department had recommended an 840-month sentence, at the top of the effective range. The court explained it had "to think about [how] to protect society against a person with a violent past," but decided "to give [Boodie] the benefit of the doubt" in light of his "sense of contrition." Appellant's App'x at 33, 37. Faced with these competing considerations, the court reasonably concluded that, in light of the seriousness of the crimes of conviction and his criminal history, Boodie was "still getting out of jail pretty early" without the discretionary departure under § 5K2.23. Id. at 40.

We have considered Boodie's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3