15-2021(L)
*United States v. Kilpatrick*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand sixteen.

Present:     ROBERT A. KATZMANN,
                   *Chief Judge*,
             RICHARD C. WESLEY,
             SUSAN L. CARNEY,
                   *Circuit Judges*.

UNITED STATES OF AMERICA,

    *Appellee*,

    - v -                                                      Nos. 15-2021, 15-2330

KEVIN MIZELL, EDWIN SMITH, JOSHUA
FLADGER, RICHARD SHACKLEFORD,
AMAR TAYLOR, RONATHAN FLADGER,
NOEL BIDO, MR. JOSEPH OTERO, SHAWN
ARNOLD MCFADDEN, DEQUAN BROWN,
TYRE DAVIS, KAYMAR FRANCIS, JOSEPH
HUNTLEY, ODANIS OZUNA, JAMES
ANDERSON, MARK GRAYSON, MICHAEL
JAMES, MALIK MCCOLLUM, ROBERT
WANNAMAKER, EDWARD BINYARD,
NICHOLAS ROSARIO, HENNISON CURRY,

    *Defendants*,

1

TAYVON KILPATRICK, TEVIN MIZELL,

     *Defendants-Appellants*.

_____

For Appellee:                                      JOSHUA A. NAFTALIS, Assistant United
                                                   States Attorney (Abigail S. Kurland and
                                                   Anna M. Skotko, Assistant United States
                                                   Attorneys, *on the brief*), *for* Preet Bharara,
                                                   United States Attorney for the Southern
                                                   District of New York, New York, NY.

For Defendant-Appellant Tavyon Kilpatrick:         STACEY VAN MALDEN (Lawrence A. Dubin,
                                                   *on the brief*), New York, NY.

For Defendant-Appellant Tevin Mizell:              ANDREW FREIFELD, Law Office of Andrew
                                                   Freifeld, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J*.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgments of the district court are **AFFIRMED**.

Tayvon Kilpatrick and Tevin Mizell were members of a street gang that operated in a Bronx housing project from 2006 through 2014. They each pleaded guilty to one RICO conspiracy count, and Mizell also pleaded guilty to possessing a firearm in furtherance of the RICO conspiracy. They appeal only their sentences. Because neither preserved relevant objections below, we review their sentences for plain error. *See Puckett v. United States*, 556 U.S. 129, 134–35 (2009). Plain error is a high bar:

> First, there must be an error or defect . . . . Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings. Fourth and finally, if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Id*. at 135 (internal quotation marks, citations, and alterations omitted).

I.  Kilpatrick's Appeal

The district court sentenced Kilpatrick to 84 months' imprisonment. Kilpatrick argues that the district court committed a procedural error by miscalculating his Criminal History Category under the United States Sentencing Guidelines. The district court calculated a Criminal History Category of IV after adding seven criminal history points. The district court added two points for Kilpatrick's participation in a July 31, 2011 robbery, for which Kilpatrick was sentenced to one year of imprisonment on January 11, 2013. U.S.S.G. § 4A1.1(b). The district court added three points for Kilpatrick's participation in an August 21, 2011 shooting, for which Kilpatrick was sentenced to two years' imprisonment, also on January 11, 2013. U.S.S.G. § 4A1.1(a). The district court also added two points because Kilpatrick committed a September 10, 2013 robbery while on parole for the 2011 robbery. U.S.S.G. § 4A1.1(d).

Kilpatrick argues that the district court should not have added any criminal history points for the July 2011 robbery and the August 2011 shooting because they were part of the charged RICO conspiracy. Kilpatrick would have us ignore Application Note 4 to U.S.S.G. § 2E1.1:

> Certain conduct may be charged in the count of conviction as part of a "pattern of racketeering activity" even though the defendant has previously been sentenced for that conduct. *Where such previously imposed sentence resulted from a conviction prior to the last overt act of the instant offense, treat as a prior sentence under §4A1.2(a)(1) and not as part of the instant offense*.

(emphasis added). U.S.S.G. § 2E1.1 Application Note 4 is authoritative in this context. *See Stinson v. United States*, 508 U.S. 36, 44–45 (1993). Because Kilpatrick was adjudicated or convicted and sentenced for the 2011 offenses before the September 10, 2013 robbery, the district court properly treated the sentences from these offenses as prior sentences and added criminal history points.

Kilpatrick also argues that the district court should not have treated the sentences for the 2011 offenses separately because they were imposed on the same day. This argument is foreclosed by U.S.S.G. § 4A1.2(a)(2), which states that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e*., the defendant is arrested for the first offense prior to committing the second offense)." Kilpatrick was arrested for the July 2011 robbery on July 31, 2011, before he participated in the August 21, 2011 shooting. As such, the district court did not err in treating the sentences separately. In sum, the district court did not commit procedural error, plain or otherwise, in sentencing Kilpatrick.

II.    Mizell's Appeal

The district court sentenced Mizell to 90 months' imprisonment, after Mizell pleaded guilty on November 13, 2014 pursuant to a plea agreement. Mizell claims that the government breached this plea agreement and asks that his sentence be vacated and his case remanded to a different judge. As a threshold matter, the government argues that we should not reach the merits of Mizell's appeal because of an appeal waiver in the plea agreement. Although "[t]his Court has repeatedly upheld the validity of [appeal] waivers," they may be unenforceable "when the government breache[s] the plea agreement." *United States v. Gomez-Perez*, 215 F.3d 315, 318, 319 (2d Cir. 2000); *see also United States v. Rosa*, 123 F.3d 94, 98 (2d Cir. 1997) ("A defendant may appeal if the Government breaches the terms of the plea agreement."). As explained below, the government breached the plea agreement in this case, so we decline to enforce the appeal waiver, and we reach the merits of Mizell's appeal.

This Court "review[s] interpretations of plea agreements *de novo* and in accordance with principles of contract law." *United States v. Riera*, 298 F.3d 128, 133 (2d Cir. 2002). "To

4

determine whether a plea agreement has been breached, [this Court] look[s] to the reasonable understanding of the parties as to the terms of the agreement." *Id.* (internal quotation marks omitted). "[B]ecause plea bargains require defendants to waive fundamental constitutional rights, prosecutors are held to meticulous standards of performance." *United States v. Vaval*, 404 F.3d 144, 152-53 (2d Cir. 2005).

Mizell first argues that the Government breached the plea agreement by referring to Mizell as a "leader" and to his "leadership" at his sentencing hearing. *See* Mizell App. 171, 174, 202-03. Although the plea agreement stipulated that Mizell was a "manager or supervisor," such that a three-point enhancement for his role was appropriate under U.S.S.G. § 3B1.1(b), Mizell claims that the government effectively advocated for a four-point role enhancement for "an organizer or leader" under U.S.S.G. § 3B1.1(a). However, the government explicitly advocated for a three-point enhancement at the sentencing hearing. *See* Mizell App.183 ("[W]e want the three points."). In addition, the district court ultimately decided against any role enhancement.

Mizell also claims that the government breached the plea agreement by proposing a Criminal History Category of II in its sentencing submission, instead of a Criminal History Category of I as stipulated in the plea agreement. In particular, the government stated that the plea agreement had incorrectly calculated Mizell's Criminal History Category by ignoring U.S.S.G. § 2E1.1 Application Note 4 and failing to add three points for Mizell's adjudication as a youthful offender for possession of a weapon in the second degree. U.S.S.G. § 2E1.1 Application Note 4 applied because Mizell was sentenced for this offense on October 10, 2012, prior to his participation in a November 16, 2013 shooting that was part of the RICO conspiracy.

The government insists that, although it openly disagreed with the plea agreement in its sentencing submission, it nonetheless did not breach the agreement. First, the government relies

5

on a provision in the plea agreement stating "[i]n the event that . . . the [district court] contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to [here], . . . the parties reserve the right to answer any inquiries and make all appropriate arguments concerning the same." Mizell App. 46. The government argues that the district court inquired about U.S.S.G. § 2E1.1 Application Note 4 at the sentencings of Mizell's co-defendants and, in response to these inquiries or in anticipation of similar ones pertaining to Mizell, the government could deviate from the plea agreement's stipulated Guidelines range.

"[C]ourts construe plea agreements strictly against the Government." *United States v. Mergen*, 764 F.3d 199, 208 (2d Cir. 2014) (quoting *United States v. Ready*, 82 F.3d 551, 559 (2d Cir. 1996)). The language of the plea agreement clearly contemplates only inquiries from the district court directed specifically to Mizell and his sentence. Moreover, Mizell's understanding that the government could not deviate from the calculations in the plea agreement because of inquiries in co-defendants' proceedings was reasonable.

The government also argues that the plea agreement allowed it "to present to . . . the [district court] any facts relevant to sentencing" and "to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth [in the plea agreement]." Mizell App. 45. However, these provisions are not relevant because the government's recalculation of Mizell's Criminal History Category did not involve new facts or information, only a change in the government's legal position as to the application of the Guidelines.

Moreover, the government contends that it did not breach the agreement because of its duty of candor to the district court. The government's duty of candor does not excuse or remedy a breach of a plea agreement. Similarly, the government points out that it advocated for a

6

sentence within the Guidelines Range stipulated to in the plea agreement. This also does not excuse or remedy the government's breach. Regardless of the government's ultimate recommendation, Mizell had a "reasonable understanding" that the Criminal History Category calculation the government presented to the district court would match the calculations in the plea agreement. *Riera*, 298 F.3d at 133.

Based on the foregoing, Mizell has satisfied the first two prongs of the plain-error test. *See Puckett*, 556 U.S. at 135. The government breached the plea agreement by stipulating to a Criminal History Category of I and then proposing a Criminal History Category of II to the district court in its sentencing submission.

However, Mizell fails the third prong of the plain-error test. The third prong requires that the appellant show prejudice—in this context, that the breach affected his sentence. *Id*. at 142 n.4. At Mizell's sentencing, Judge Sullivan stated that the sentencing was "not . . . taking place in a vacuum" and that he was familiar with the case and Mizell's co-defendants. Mizell App. 158. Issues related to U.S.S.G. § 2E1.1 Application Note 4 were raised during several of these co-defendants' sentencings, including one during which the district court brought up U.S.SG. § 2E1.1 Application Note 4 sua sponte. In addition, after accepting the government's recommendation that criminal history points be added under U.S.S.G. § 2E1.1 Application Note 4, the district court sua sponte deviated further from the plea agreement's stipulated criminal-history calculation by adding points because Mizell was on parole at the time of the November 16, 2013 shooting. The district court's sua sponte attentiveness to U.S.S.G. § 2E1.1 Application Note 4 and Mizell's Criminal History Category calculation demonstrates that the district court would have calculated a Criminal History Category of III for Mizell regardless of the government's breach. As such, Mizell has failed to show that the government's breach affected

his sentence. Because the third prong of the plain-error test is not satisfied, we do not reach the fourth prong. *Puckett*, 556 U.S. at 135.

We have considered all of Kilpatrick's and Mizell's contentions on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgments of the district court are **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK