*United States v. Smith*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of October, two thousand twenty-four.

PRESENT:

>   DENNIS JACOBS,
>   RICHARD J. SULLIVAN,
>   EUNICE C. LEE,
>       *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

>       *Appellee,*

>   v.                                                              No. 22-3104

DEARICK SMITH, a.k.a. "Ace," a.k.a. "Lil D,"

>       *Defendant-Appellant,*

AMAR SCOTT, a.k.a. "A," JOHN SIMMONS, JERRICK DENSON, a.k.a. "D," ISAIAH WOODS, a.k.a. "Izzy," LAMAR SIMMONS, a.k.a. "Lil

Daddy," YULANDER GREEN, a.k.a. "L," a.k.a. "Lander," JAVONNE JACKSON, a.k.a. "Dutch," a.k.a. "Von," DEREK TAYLOR, a.k.a. "Swiff," MICHAEL WALKER, a.k.a. "Awol," JEFFREY DENSON, a.k.a. "Jeff," a.k.a. "Blue," MARCUS JOHNSON, a.k.a. "Miggs," MARVIN SIMMONS, a.k.a. "Jr," a.k.a. "Junior," CAMERON CHARLES, a.k.a. "Cam," TRAVIS HOUNSHELL, a.k.a. "Trav," MICHAEL NESMITH, JEREMIAH NETTLES, JOSEPH LOVING, HARRY NESMITH, LYNNARD DAVIS, JANICE SNIPES, JAY JAYQUAN WYNNE, a.k.a. "Jayquan Gerod Wynne," a.k.a. "Tipsy," TEVON HAYMON, BRANDON WHEELER, a.k.a. "Little Man," a.k.a. "Weed," RUSSELL HAMPTON, a.k.a. "TJ," MICHAEL JACKSON, a.k.a. "Boosum," a.k.a. "Boots,"

*Defendants.*\*

_____

**For Defendant-Appellant:** MATTHEW W. BRISSENDEN, Matthew W. Brissenden, P.C., Garden City, NY.

**For Appellee:** MONICA J. RICHARDS, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

2

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 8, 2022 judgment of the district court is **AFFIRMED**.

Dearick Smith appeals from the district court's judgment following his resentencing on one count of conspiracy to engage in a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d); one count of conspiracy to distribute, and possess with intent to distribute, cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and one count of possession of a firearm in furtherance of that narcotics conspiracy, in violation of 18 U.S.C. § 924(c)(1).[1] The district court resentenced Smith to an aggregate term of 348 months' imprisonment, well below the effective U.S. Sentencing Guidelines range of 420 months to life, to be followed by five years' supervised release. On appeal, Smith argues that the district court improperly calculated his criminal history category under the Guidelines. He also contends that the district court erred by declining

---

[1] Smith was originally convicted of an additional firearm count under section 924(c). After the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019), the district court vacated his conviction as to that count and resentenced him on the remaining three counts at a plenary resentencing proceeding.

to downwardly depart to account for his now-discharged state term of imprisonment on a charge involving conduct relevant to the racketeering conviction, and by creating an unwarranted sentencing disparity in resentencing him to a term of imprisonment longer than that of a codefendant. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the procedural and substantive reasonableness of a district court's sentence "under a deferential abuse-of-discretion standard." *United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019) (internal quotation marks omitted). A sentence is procedurally unreasonable when the district court has committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [section] 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). With respect to "substantive review, a trial court's sentencing decision will be classified as error only if it cannot be located within the range of permissible decisions." *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (internal quotation marks omitted). In other words, we will set

4

aside "only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted).

## I. Criminal History Category Challenge

Smith first argues that the district court erred by adding criminal history points for his 2007 state conviction for criminal possession of a controlled substance even though the conduct underlying that offense was part of the charged racketeering conspiracy offense. We disagree.[2]

For Smith's original sentencing in 2013, the presentence investigation report ("2013 PSR") identified this 2007 state conviction as a part of his criminal history, but did not assign it any points. Instead, the 2013 PSR considered the conviction to be "relevant conduct" to his instant offenses – in other words, acts he committed in furtherance of the racketeering and/or narcotics conspiracies. *See* U.S.S.G. § 1B1.3(a) (explaining that relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or

---

[2] At the outset, the parties dispute whether we should review for plain error, instead of abuse of discretion, because Smith failed to raise below the argument he now asserts on appeal. *See, e.g.*, *Degroate*, 940 F.3d at 174. We need not resolve this question because under either standard of review, we see no basis for concluding that the district court committed any procedural error.

willfully caused by the defendant . . . that occurred during the commission of the offense of conviction"). But, for criminal history purposes, the Guidelines define "prior sentence" as "any sentence previously imposed upon adjudication of guilt . . . for conduct *not* part of the instant offense" – *i.e.*, conduct that is not "relevant conduct." U.S.S.G. § 4A1.2(a)(1) (emphasis added)).[3] Accordingly, the 2013 PSR concluded that Smith had zero criminal history points, putting him in criminal history category I. The district court adopted this calculation and did not assign any criminal history points for this prior offense.

After one of Smith's firearm convictions was vacated in light of *United States v. Davis*, 588 U.S. 445 (2019), the Probation Office prepared a revised presentence investigation report (the "2022 PSR") for his plenary resentencing. Unlike the 2013 PSR, the 2022 PSR assigned Smith three criminal history points for his 2007 state possession conviction, citing section 2E1.1 of the Guidelines. Notably, application note 4 for that section provides:

> Certain conduct may be charged in the count of conviction as part of a "pattern of racketeering activity" even though the defendant has previously been sentenced for that conduct. Where such previously imposed sentence resulted from a conviction prior to the last overt act

---

[3] We refer to the versions of the Guidelines in effect on the date of each of Smith's sentencings – the 2012 and 2021 versions, respectively – which avoids any possible *ex post facto* issue. *See United States v. Hendricks*, 921 F.3d 320, 331 n.51 (2d Cir. 2019).

of the instant offense, treat as a prior sentence under § 4A1.2(a)(1) and not as part of the instant offense. This treatment is designed to produce a result consistent with the distinction between the instant offense and criminal history found throughout the guidelines. If this treatment produces an anomalous result in a particular case, a guideline departure may be warranted.

U.S.S.G. § 2E1.1 cmt. n.4. Because the conduct underlying Smith's 2007 conviction was charged as part of the racketeering conspiracy, and that conviction occurred before the last overt act of the conspiracy, the 2022 PSR treated this conviction as a prior sentence, not "relevant conduct" that was part of the instant offense, and assigned it three criminal history points. The 2022 PSR also assessed two additional criminal history points, pursuant to U.S.S.G. § 4A1.1(d), because Smith committed some of the acts underlying his conspiracy convictions while under a "criminal justice sentence" – namely, a post-release term of parole supervision imposed in connection with his 2007 conviction. Over Smith's objections, the district court adopted this revised calculation, which increased his criminal history from category I to category III.

Smith argues that the district court erred by relying on application note 4 of U.S.S.G. § 2E1.1 to add criminal history points for his 2007 state conviction that was part of the charged racketeering conspiracy. He asserts that the Supreme Court's decision in *Kisor v. Wilkie* requires us to defer to the Guidelines

commentary only when the Guidelines themselves are "genuinely ambiguous." 588 U.S. 558, 574 (2019) (directing courts to first determine that a regulation is "genuinely ambiguous" before deferring to an agency's reasonable reading of that regulation). According to Smith, *Kisor* modified the standard of deference set forth in *Stinson v. United States*, which held that the Guidelines commentary "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." 508 U.S. 36, 38 (1993). On Smith's read, section 4A1.2(a)(1) is not ambiguous, as it clearly defines a "prior sentence" as "any sentence previously imposed . . . for conduct not part of the instant offense"; he therefore contends that the district court erred during his resentencing when it looked to application note 4 to conclude that his conviction for conduct that was part of the instant offense should be treated as a prior sentence for criminal history purposes.

This argument is foreclosed, however, by our recent holding in *United States v. Rainford* that "the Supreme Court has not overruled *Stinson*." 110 F.4th 455, 475 n.5 (2d Cir. 2024); *see United States v. Zheng*, 113 F.4th 280, 299–300 (2d Cir. 2024); *see also United States v. Tabb*, 949 F.3d 81, 87 (2d Cir. 2020) (post-*Kisor* decision applying *Stinson* deference); *United States v. Richardson*, 958 F.3d 151, 154–55 (2d

8

Cir. 2020) (same).   Smith's *Kisor*-based challenge to the district court's reliance on application note 4 to section 2E1.1 therefore must fail.

Application note 4 is not "inconsistent with" section 4Al.2 and thus applies here.   *Stinson*, 508 U.S. at 38; *see, e.g.*, *United States v. Mizell*, 671 F. App'x 826, 828 (2d Cir. 2016); *see also United States v. Hampton*, No. 20-2986, 2021 WL 5918303, at *2–3 (2d Cir. Dec. 15, 2021) (rejecting application note 4 challenge by one of Smith's codefendants).   Because "the previously convicted RICO offender is in effect a repeat offender who breaks the law once by committing a predicate act and again by engaging in a pattern of racketeering activity," application note 4 "avoids the anomaly of treating [that] defendant . . . as a first offender with a criminal history category of I."   *United States v. Marrone*, 48 F.3d 735, 738–39 (3d Cir. 1995) (concluding that application note 4 is "not plainly erroneous or inconsistent with section 4A1.2(a)(1)" and therefore binding under *Stinson* (internal quotation marks omitted)).   Such a result is consistent with Chapter Four of the Guidelines, which acknowledges that "a defendant with a record of prior criminal behavior is more culpable than a first offender and thus deserving of greater punishment." U.S.S.G. Ch. 4, intro. cmt.

Smith's alternative assertion – that the district court erred by not downwardly departing to avoid an "anomalous result," as permitted under application note 4 – is likewise unpersuasive. For starters, "a refusal to downwardly depart is generally not appealable." *United States v. Cuevas*, 496 F.3d 256, 268 (2d Cir. 2007) (internal quotation marks omitted). And, in any event, none of Smith's arguments suggest an anomalous result here. Smith contends in his principal brief that the district court "effectively double-counted" the conduct (*i.e.*, drug possession) involved in his 2007 state conviction as both relevant conduct and a part of his criminal history. Smith Br. at 20. But he provides no response to the government's argument that such conduct had no effect on his total offense level. And while Smith complains that the district court's adherence to application note 4 led to a higher criminal history category and a correspondingly higher Guidelines range at his resentencing, he points to no authority suggesting that a district court errs by declining to adhere to its prior Guidelines calculations.

In short, we find no error in the district court's reliance on application note 4 to calculate Smith's criminal history.

## II.     Remaining Sentencing Challenges

Smith's remaining sentencing challenges fare no better.   *First*, Smith insists that the district court erred by not downwardly departing under U.S.S.G. § 5K2.23, to account for a by-then discharged term of state imprisonment that he served from 2008 to 2013 for conduct relevant to his federal offenses but for which he received no federal credit at his initial sentencing.   He acknowledges that the district court committed no procedural error in applying section 5K2.23 at his plenary resentencing, but faults the district court for not, in his view, departing to correct his prior counsel's failures to argue for the time credit at his original sentencing, when it would have been required under U.S.S.G. § 5G1.3.

This challenge, however, is not proper, since review of a refusal to downwardly depart is "available only when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal."   *Cuevas*, 496 F.3d at 268 (internal quotation marks omitted).   Neither circumstance is present here.   As Smith concedes and the plain language of section 5K2.23 makes clear, "a downward departure for a discharged term is discretionary even where an adjustment would have been required for an undischarged term."   *United States v. Boodie*, 590 F. App'x 67, 68 (2d Cir. 2015).   Nor did the district court

misapprehend its authority to so depart. To the contrary, at resentencing, the district correctly noted the discretionary nature of section 5K2.23, expressly stated that it would take Smith's uncredited state custody into consideration, and did in fact downwardly depart on that basis (among others) – just not as much as Smith would have liked.[4]

*Second*, Smith asserts that the district court created an unwarranted sentencing disparity by giving a lower sentence to one of Smith's codefendants, notwithstanding the similarities in their records, criminal conduct, and post-conviction rehabilitation. But any procedural reasonableness argument here is a "nonstarter" because, as this Court has "repeatedly made clear[,] . . . section 3553(a)(6) requires a district court to consider *nationwide* sentence disparities" – not disparities between codefendants. *United States v. Bryant*, 976 F.3d 165, 180 (2d Cir. 2020) (internal quotation marks omitted); *see United States v. Alcius*, 952 F.3d 83, 89 (2d Cir. 2020) ("There is no requirement that a district court consider or explain sentencing disparities among codefendants."). In any event, at the codefendant's resentencing, the district court explicitly observed the need to avoid

---

[4] Indeed, the Court imposed a term of 288 months' imprisonment on his narcotics and racketeering conspiracy counts – *i.e.*, seventy-two months below the Guidelines range of 360 months to life.

sentencing disparities between him and Smith, and then gave the codefendant a slightly lower sentence – a 320-month aggregate term, in comparison to Smith's 348-month term – in recognition of his more significant rehabilitation.

Any substantive reasonableness challenge likewise fails. The "weight to be given sentencing disparities, like the weight to be given any [section] 3553(a) factor, is a matter firmly committed to the discretion of the sentencing judge." *United States v. Gates*, 84 F.4th 496, 505 n.1 (2d Cir. 2023) (internal quotation marks omitted). Thus, "we will only set aside those outlier sentences that reflect actual abuse of a district court's considerable sentencing discretion." *Id.* (internal quotation marks omitted). On this record, we cannot say that the district court abused its discretion in arriving at Smith's below-Guidelines sentence. *See United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) (explaining that it is "especially" "difficult to find that a below-Guidelines sentence is substantively unreasonable" (alterations and internal quotation marks omitted)).

\*     \*     \*

We have considered Smith's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

13