19-412-cr
*United States v. Richardson*

# In the
# United States Court of Appeals
## FOR THE SECOND CIRCUIT

AUGUST TERM 2019
No. 19-412-cr

**UNITED STATES OF AMERICA,**
*Appellee*,

v.

**KOLONGI RICHARDSON,**
*Defendant-Appellant*.

On Appeal from the United States District Court
for the Northern District of New York

SUBMITTED: FEBRUARY 3, 2020
DECIDED: MAY 5, 2020

Before:      WALKER, CHIN, and MENASHI, *Circuit Judges*.

Defendant-Appellant Kolongi Richardson challenges the procedural and substantive reasonableness of his sentence, imposed upon his conviction for distribution and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). The district court (Suddaby, C.J.) did not commit procedural error by

applying the career offender sentencing enhancement of United States Sentencing Guidelines § 4B1.1 because Richardson's prior convictions of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846, and attempted criminal possession of a controlled substance in violation of N.Y. Penal Law § 220.16(1), qualify as "controlled substance offenses," as defined in U.S.S.G. § 4B1.2(b). Nor did the district court commit substantive error because it properly considered Richardson's criminal history and adequately accounted for his need for mental health and substance abuse treatment when it imposed the sentence. We reject Richardson's arguments and **AFFIRM** the judgment.

---

Rajit S. Dosanjh, Assistant United States Attorney (Nicolas Commandeur, Assistant United States Attorney, *on the brief*), *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, New York, *for Appellee*.

Melissa A. Tuohey, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, New York, *for Defendant-Appellant*.

---

MENASHI, *Circuit Judge*:

Kolongi Richardson appeals a judgment, entered February 5, 2019, following a guilty plea, sentencing him principally to 210 months' imprisonment for distribution and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). On appeal, Richardson challenges the procedural and substantive reasonableness of his sentence.

Richardson argues that (1) the district court erred procedurally when it determined that his prior convictions for conspiracy to distribute a controlled substance and attempted criminal sale of a controlled substance qualify as controlled substance offenses under the career offender guideline, U.S.S.G. § 4B1.2(b), and (2) the sentence was substantively unreasonable because the court assigned too much weight to his criminal history and did not adequately account for his need for mental health and substance abuse treatment. We reject Richardson's arguments and affirm the judgment below.

## FACTS

On September 21, 2018, Richardson pleaded guilty to distribution and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). At sentencing, the district court concluded that Richardson qualified for the career offender enhancement of U.S.S.G. § 4B1.1 and sentenced him principally to 210 months' imprisonment. The Sentencing Guidelines provide for such an enhancement where, *inter alia*, "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense" and "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. The district court found that Richardson met both criteria—his conviction under 21 U.S.C. § 841(a)(1) was a felony controlled substance offense, and he had two prior felony controlled substance offense convictions. In 2005, Richardson was convicted of conspiracy to distribute and possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and in 2012, Richardson was convicted of attempted criminal possession of a controlled substance in the third degree in violation of N.Y. Penal Law ("N.Y.P.L.") § 220.16(1). The

3

district court imposed an additional six-year term of supervised release that included mandatory participation in mental health and substance abuse programs.

## DISCUSSION

This court "review[s] the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018) (per curiam). "The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the § 3553(a) factors." *United States v. Castillo*, 896 F.3d 141, 148 (2d Cir. 2018). A sentence is substantively unreasonable if it is "manifestly unjust" or "shock[s] the conscience." *United States v. Rigas* (*Rigas II*), 583 F.3d 108, 122-24 (2d Cir. 2009). We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas* (*Rigas I*), 490 F.3d 208, 238 (2d Cir. 2007)) (emphasis omitted).

When the defendant has preserved a claim that the district court erred in its application of the sentencing guidelines, "[w]e review issues of law *de novo*, issues of fact under the clearly erroneous standard, [and] mixed questions of law and fact either *de novo* or under the clearly erroneous standard depending on whether the question is predominantly legal or factual." *United States v. Selioutsky*, 409 F.3d 114, 119 (2d Cir. 2005) (internal citations omitted).

4

# I

A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2. Application Note 1 to § 4B1.2 further defines "controlled substance offense" to "include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2 cmt. n.1.

## A

Prior to his conviction in this case, Richardson was twice convicted of felonies relating to drug-trafficking—conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846 and attempted criminal possession of a controlled substance in violation of N.Y.P.L. § 220.16(1). As Application Note 1 interprets § 4B1.2(b), these prior felony convictions qualify as controlled substance offenses. Nevertheless, Richardson argues that these convictions are not controlled substance offenses under § 4B1.2(b), properly understood, because Application Note 1 impermissibly expands the guideline's definition of "controlled substance offense" to include inchoate offenses. According to Richardson, the text of § 4B1.2(b) does not bear that interpretation. *See Stinson v. United States*, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it ... is inconsistent with, or a plainly erroneous reading of, that guideline."). This argument is foreclosed by our decision in *United States v. Tabb*, 949 F.3d 81 (2d Cir. 2020). In that case, this court concluded that *United States v. Jackson*, 60 F.3d 128 (2d Cir. 1995),

5

which upheld the authority of the Sentencing Commission to adopt Application Note 1, precludes any further argument "that Application Note 1 improperly conflicts with the guideline text." *Tabb*, 949 F.3d at 87. While *Jackson* focused on the consistency of Application Note 1 with the authorizing statute rather than the guideline, this court concluded that "there is no way to reconcile" *Jackson*'s holding with a challenge such as Richardson's. *Id.*

Regardless of the scope of *Jackson*'s holding, Richardson's argument cannot prevail because Application Note 1 is not "inconsistent with, or a plainly erroneous reading of" § 4B1.2. *Stinson*, 508 U.S. at 38. Section 4B1.2 defines "controlled substance offense" as an offense under federal or state law "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance." To "prohibit" means, among other things, "to prevent [or] hinder." *Prohibit*, *Oxford English Dictionary* (online ed. 2020); *see also United States v. Lange*, 862 F.3d 1290, 1295 (11th Cir. 2017). The Sentencing Commission adopted an interpretation of § 4B1.2 that is not inconsistent with the guideline when it concluded that an offense that forbids "aiding and abetting, conspiring, and attempting to" manufacture, import, export, distribute, or dispense a controlled substance is an offense that "prohibits" those activities. *See* U.S.S.G. § 4B1.2 cmt. n.1. A ban on attempting to distribute a controlled substance, for example, "hinders" the distribution of the controlled substance. *See Lange*, 862 F.3d at 1295. This conclusion accords with the majority of circuits that have addressed this question,[1] and it

---

[1] *See United States v. Adams*, 934 F.3d 720, 729 (7th Cir. 2019) (concluding that Application Note 1's "inclusion of conspiracy d[oes] not conflict with the text of the Guideline itself"); *United States v. Crum*, 934 F.3d 963, 966 (9th Cir. 2019); *United States v. Mendoza-Figueroa*, 65 F.3d 691, 694 (8th Cir. 1995)

underlies the decision in *Tabb* that the "purported distinction" between *Jackson*'s holding that the Sentencing Commission had the authority to include inchoate offenses within the definition of "controlled substance offense" and the conclusion that Application Note 1 is not inconsistent with the guideline is "without substance." 949 F.3d at 87.

**B**

Richardson also argues that his conviction under 21 U.S.C. § 846 cannot serve as a predicate offense under Application Note 1 because Section 846 narcotics conspiracy has no overt act requirement. This argument also contradicts our holdings in *Tabb* and *Jackson*. *See Tabb*, 949 F.3d at 88 ("The text and structure of Application Note 1 demonstrate that it was intended to include Section 846 narcotics conspiracy."); *Jackson*, 60 F.3d at 133 ("[D]rug conspiracy convictions pursuant to 21 U.S.C. [§] 846 … qualify as controlled substance offenses.") (citing *United States v. Whitaker*, 938 F.2d 1551, 1553-54 (2d Cir. 1991) (per curiam)). Accordingly, the district court

---

(en banc) (concluding that Application Note 1 "is a reasonable interpretation of the career offender guidelines"); *United States v. Smith*, 54 F.3d 690, 693 (11th Cir. 1995); *United States v. Piper*, 35 F.3d 611, 617 (1st Cir. 1994) (concluding that Application Note 1 "comports sufficiently with the letter, spirit, and aim of the guideline to bring it within the broad sphere of the Sentencing Commission's interpretive discretion"); *United States v. Hightower*, 25 F.3d 182, 187 (3d Cir. 1994). *But see United States v. Havis*, 927 F.3d 382, 386-87 (6th Cir. 2019) (en banc) ("The text of § 4B1.2(b) controls, and it makes clear that attempt crimes do not qualify as controlled substance offenses."); *United States v. Winstead*, 890 F.3d 1082, 1091 (D.C. Cir. 2018) ("Section 4B1.2(b) presents a very detailed 'definition' of controlled substance offense that clearly excludes inchoate offenses.").

did not err when it applied the career offender sentencing enhancement.

## II

Richardson also challenges the substantive reasonableness of his sentence, arguing that the court assigned too much weight to his criminal history and did not adequately account for his need for mental health and substance abuse treatment. We conclude that Richardson's sentence is not substantively unreasonable because it is not "manifestly unjust" and does not "shock the conscience." *Rigas II*, 583 F.3d at 122-24. The district court imposed a within-Guidelines sentence after considering the § 3553(a) factors, including Richardson's personal and criminal history and the need for the sentence imposed. The district court observed that while Richardson had experienced "terrible" family trouble as well as mental health and substance abuse challenges, his past criminal conduct—including drug trafficking, an escape from federal prison, and illegal gun possession—was serious and persisted despite repeated intervention by law enforcement. J. App'x 128-34. In light of these circumstances, the district court's decision to sentence Richardson to 210 months' imprisonment fell well within the range of permissible decisions. *See United States v. Thavaraja*, 740 F.3d 253, 259 (2d Cir. 2014). Accordingly, we conclude that Richardson's sentence is substantively reasonable.

## CONCLUSION

We **AFFIRM** the district court's judgment because Richardson's sentence was both procedurally and substantively reasonable.