*United States v. James*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand twenty.

PRESENT:    JOSÉ A. CABRANES,
                MICHAEL H. PARK,
                WILLIAM J. NARDINI,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                *Appellee,*                        19-2306

                v.

PRESTON JAMES,

                *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | EMILY C. POWERS and RAJIT S. DOSANJH, Assistant United States Attorneys, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY. |
| **FOR DEFENDANT-APPELLANT:** | GEORGIA J. HINDE, New York, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae D'Agostino, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Defendant-Appellant Preston James ("James") contests the sentence imposed on July 10, 2019, following James's guilty plea to four counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

James contends that the District Court erred in calculating his sentence by classifying James as a career offender under § 4B1.1(a) of the United States Sentencing Guidelines ("Guidelines") based on James's prior convictions for attempted drug trafficking crimes. Section 4B1.1 of the Guidelines provides that a defendant convicted of "controlled substance offense" is a career offender if he was at least eighteen when he committed the offense and "has at least two prior felony convictions of…a controlled substance offense." The Guidelines do not explicitly state that attempts and other inchoate crimes are "controlled substance offense[s],"[1] but the official commentary to the Guidelines, U.S.S.G.§ 4B1.2 cmt. n.1. ("Application Note 1") does.[2] The District Court classified James's prior attempt convictions as "controlled substance offense[s]" based on Application Note 1. James argues that the District Court should not have relied on Application Note 1 because it is inconsistent with the text of the Guidelines and is therefore invalid.

Our precedents foreclose James's argument. We have repeatedly and recently affirmed the validity of Application Note 1 and we decline to revisit this holding now. *See United States v. Richardson*, 958 F.3d 151 (2d Cir. 2020) ("Application Note 1 is not inconsistent with, or a plainly erroneous reading of § 4B1.2") (quotation marks and internal citations omitted); *accord United States v. Tabb*, 949 F.3d 81, 87 (2d Cir. 2020) ("[T]he [Sentencing] Commission had the 'authority to expand the definition of "controlled substance offense" to include aiding and abetting, conspiring, and attempting to commit such offenses' through Application Note 1.") (quoting *United States v. Jackson*, 60 F.3d 128, 133 (2d Cir. 1995)). We therefore affirm the judgment and sentence of the District Court.

---

[1] U.S.S.G. § 4B1.2(b) defines "controlled substance offense" under § 4B1.1 as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

[2] "'[C]ontrolled substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2 cmt. n.1.

## CONCLUSION

We have reviewed all of the arguments raised by James on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 10, 2019, judgment and sentence of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk