20-588-cr
*United States v. Wynn*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty-one.

PRESENT:
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> *Circuit Judges*,
> PHILIP M. HALPERN
> *Judge*.[1]

---

United States of America

> *Appellee*,

> v.                                                                 20-588-cr

Jayren Jakar Wynn,

> *Defendant-Appellant*.

---

FOR APPELLEE:                    PATRICIA STOLFI COLLINS (Marc H. Silverman, *on the brief*), Assistant United States Attorneys, *for* Leonard C. Boyle, Acting U.S. Attorney for the District of Connecticut, New Haven, CT.

---

[1] Judge Philip M. Halpern, Judge of the United States District Court for the Southern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT:     JAMES P. MAGUIRE, Assistant Federal Defender, *for* Terry S. Ward, Federal Defender for the District of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jayren Jakar Wynn appeals from a judgment, entered on January 22, 2020, by the United States District Court for the District of Connecticut (Bryant, *J.*), imposing a 78-month sentence of incarceration to be followed by three years of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

On August 29, 2019, Wynn pled guilty to one count of unlawful possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). When he committed the instant offense, Wynn had a prior conviction for his participation in a conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846. At sentencing, over Wynn's objection, the district court considered that conviction to be one of two predicate offenses for purposes of determining his base offense level for the instant offence, pursuant to Section 2K2.1(a)(2) of the United States Sentencing Guidelines ("Guidelines"). That determination resulted in Wynn having an elevated base offense level of 24 because he committed the felon-in-possession offense "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."[2] U.S.S.G. § 2K2.1(a)(2). After a three-level reduction for acceptance of responsibility,

---

[2] Wynn did not dispute that his prior state conviction for assault qualified as one of the predicate offenses because it was a "crime of violence" as defined by the Guidelines. *See* U.S.S.G. § 4B1.2(a).

Wynn was found to have a total offense level of 21 which, with a criminal history category of V, resulted in an advisory Guidelines range of 70 to 87 months' imprisonment.

On appeal, Wynn argues that his sentence was both procedurally and substantively unreasonable. First, Wynn contends that his sentence was procedurally unreasonable because his prior federal conviction for narcotics conspiracy under Section 846 was not a "controlled substance offense" within the meaning of the Guidelines, *see* U.S.S.G. § 4B1.2(b), and therefore should not have triggered the higher base offense level under Section 2K2.1. Second, Wynn asserts that his 78-month sentence was substantively unreasonable because it was unnecessary to accomplish the purposes of sentencing, and this was not, as described by the district court, a "uniquely serious case that requires a uniquely serious sentence." Joint App'x 76.

In our procedural and substantive review of a sentence imposed by a district court, we apply a "deferential abuse-of-discretion standard."[3] *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).

## I. Procedural Reasonableness

Wynn contends that the definition of a "controlled substance offense" under Section 4B1.2(b) does not include inchoate offenses such as conspiracy and, thus, his prior conviction for narcotics conspiracy under Section 846 could not be utilized to increase his Guidelines range under Section 2K2.1(a)(2).[4] Although the text of Section 4B1.2(b) does not list inchoate offenses,

---

[3] We have not yet "decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence," *United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014), and we do not do so here because Wynn's substantive reasonableness challenge fails even under the abuse-of-discretion standard.

[4] U.S.S.G. § 4B1.2(b) provides: "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

Application Note 1 to Section 4B1.2 defines a "controlled substance offense" to "include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2 cmt. n.1. Nonetheless, according to Wynn, the Court should disregard Application Note 1 because it improperly expands the bounds of the plain text of Section 4B1.2(b). This argument, however, is foreclosed by our precedents. *See United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004) (emphasizing that this Court is "bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court").

In *United States v. Jackson*, we held that "both 28 U.S.C. §§ 994(a) and 994(h) vested the [Sentencing] Commission with authority to expand the definition of 'controlled substance offense' to include aiding and abetting, conspiring, and attempting to commit such offenses" under Section 4B1.2. 60 F.3d 128, 133 (2d Cir. 1995) (citing U.S.S.G. § 4B1.2 cmt. n.1). We recently reaffirmed the *Jackson* holding in two published decisions that rejected arguments regarding the validity of Application Note 1 and its application of Section 4B1.2 to a narcotics conspiracy. *See United States v. Tabb*, 949 F.3d 81, 88 (2d Cir. 2020) ("The text and structure of Application Note 1 demonstrate that it was intended to include Section 846 narcotics conspiracy."); *United States v. Richardson*, 958 F.3d 151, 154 (2d Cir. 2020) ("[Appellant's] argument cannot prevail because Application Note 1 is not 'inconsistent with, or a plainly erroneous reading of' § 4B1.2." (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993))).

Wynn argues that the reasoning in *Jackson* has been undermined by the Supreme Court's decision in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019). As a threshold matter, although our decisions in *Tabb* and *Richardson* do not explicitly address whether *Kisor* unsettles *Jackson*, *Kisor* was decided well before *Tabb* and *Richardson*, and the *Kisor* argument advanced here was briefed and discussed at length during oral argument in *Tabb*. Moreover, both *Tabb* and *Richardson* made

clear that *Jackson* is still binding precedent in this Circuit.  *See Tabb*, 949 F.3d at 87 ("[W]e find

that *Jackson* precludes Tabb's argument that Application Note 1 is invalid."); *see also Richardson*,

958 F.3d at 155 (rejecting the same because it "contradicts our holdings in *Tabb* and *Jackson*.").

Accordingly, based upon binding precedent, Wynn's procedural challenge to the

Guidelines calculation fails.

## II. Substantive Reasonableness

Wynn also challenges the substantive reasonableness of his 78-month sentence.[5]  This

Court will hold that a sentence is substantively unreasonable only when it is "so 'shockingly high,

shockingly low, or otherwise unsupportable as a matter of law' that allowing [it] to stand would

'damage the administration of justice.'"  *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir.

2012) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)).  As a result, we will "set

aside a district court's substantive determination only in exceptional cases where the trial court's

decision cannot be located within the range of permissible decisions."  *Rigas*, 583 F.3d at 122

(emphasis and internal quotation marks omitted).  As we have observed before, "in the

overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad

range of sentences that would be reasonable in the particular circumstances."  *United States v.*

*Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

The district court's imposition of a 78-month sentence, which was near the middle of the

Guidelines range, was well within the district court's discretion under the facts of this case.  In

particular, as explained by the district court, the facts supporting that sentence included, *inter alia*,

---

[5] Wynn was also sentenced by the district court for violations of his conditions of supervised release, and the district court imposed a consecutive sentence of 14 months' imprisonment for those violations.  Wynn does not challenge that sentence on appeal, and does not argue that the sentence on the supervised release violation should be considered in assessing the substantive reasonableness of his separate sentence on the felon-in-possession charge.

the following: (1) Wynn "was carrying a loaded firearm with ammunition chambered" in the trunk of his car (Joint App'x at 71); (2) Wynn's conduct was "extremely dangerous to society," including "his community and, indeed, his own family," because the loaded gun "could have been found by a child or any other person, including [Wynn's] child" (*id*. at 74, 80);[6] and (3) Wynn had "an extensive criminal record" which included possession of a pistol without a permit, assault in the first degree where he shot an individual in the leg, and conspiracy to distribute a controlled substance (*id*. at 72).

Wynn focuses his substantive challenge on the district court's reference to his case being "a uniquely serious case that requires a uniquely serious sentence," *id*. at 76, and argues that the district court failed to recognize this case as a "garden variety felon-in-possession case," Appellant's Br. at 39. Wynn, however, has failed to consider that statement in the full context of the district court's reasoning and in relation to the sentence imposed.

With respect to the district court's reasoning, the reference to the uniqueness of this case was related to the district court's emphasis on the numerous opportunities for rehabilitation that Wynn had been provided throughout his life, only to return to serious and dangerous criminal conduct. For example, as to Wynn's extensive criminal history, the district court noted that Wynn had been shown leniency in connection with a past sentence, and he failed to take advantage of that opportunity. Joint App'x at 72. The district court also referenced that he had "the love and support of his family," and neither that support, nor the impact his incarceration could have on his children, deterred him from returning to criminal activity. *Id*. at 73. Similarly, the district court

---

[6] Wynn takes issue with the district court's discussion regarding the circumstances surrounding Wynn's possession of the loaded firearm. However, although the district court questioned Wynn's claim that he possessed the firearm for protection given its location in the trunk of Wynn's car, the district court made clear that it was "not making any specific findings" as to Wynn's motivation for possessing the gun and, other than generally noting the dangerous nature of its location as it related to his children, was also "not making any findings as to what his children may or may not have done." Joint App'x at 80.

further noted that, despite substantial drug treatment resources made available to him (including on supervised release), Wynn "rejected all that was offered to him" by failing to comply with that treatment and using controlled substances. *Id.* Thus, the district court concluded that Wynn had been given "ample opportunity" to "appreciate the wrongfulness of his conduct" and "live[] a law-abiding life," and, instead, "has repeatedly, over a period of years, refused to do so with virtual impunity." *Id.* at 76. It was in this context that the district court described Wynn's conduct as "egregious" and "uniquely serious":

> I can think of few instances where a defendant has been given more opportunities than Mr. Wynn. Few instances. And I can think of few instances where the culmination of all of the restraint on the part of the Court and all of the resources of the Court have ended with the Defendant illegally possessing a firearm – a loaded, chambered firearm.
>
> This is an egregious case. This is a uniquely serious case that requires a uniquely serious sentence to deter the Defendant from engaging in further criminal conduct, to promote respect for the law, and most importantly, to protect the public from the Defendant's reckless and violent conduct.

*Id.* at 76-77.[7]

Moreover, notwithstanding the reference to a "uniquely serious sentence," the district court did not impose an above-Guidelines sentence, nor did it impose a sentence at the high end of the Guidelines range. Instead, after balancing the factors under 18 U.S.C. § 3553(a) as applied to this case, the district court chose a non-unique sentence within the middle of the Guidelines range. In short, the 78-month sentence was not "shockingly high" under the facts of this case, *Broxmeyer*,

---

[7] Wynn suggests that the district court could not support its sentence by relying on "reckless and violent conduct" because "[t]here is not the slightest hint in the record that in the course of the offense conduct in this case (or in his two years on supervised release) Mr. Wynn engaged in a single act of violence." Appellant's Br. at 39. The district court's statement was not limited to only *recent* conduct, and neither is the district court's discretion in assessing dangerousness at sentencing. Indeed, Wynn's entire record of criminal conduct – which included Wynn shooting an individual in the leg and the instant offense (involving Wynn's possession of a loaded, semi-automatic firearm) – provided more than ample support for the district court's conclusion that he had engaged in both reckless and violent conduct over the years, and that the public needed to be protected from his criminal conduct.

7

699 F.3d at 289, and fell well within the range of permissible decisions, *Rigas*, 583 F.3d at 123.

Accordingly, we conclude that the sentence is substantively reasonable.

*        *        *

For the foregoing reasons, and finding no merit in Wynn's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8