21-2094
*United States v. Rascoll*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of July, two thousand twenty-three.

Present:
> EUNICE C. LEE,
> ALISON J. NATHAN,
> > *Circuit Judges*,
> JED S. RAKOFF,*
> > *District Judge*.

_____

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee*,

> v.                                                                                  No. 21-2094

CHRISTOPHER RASCOLL,

> *Defendant-Appellant*.

_____

---

\* Judge Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellant: ANDREW GIERING (Tracy Hayes, *on the brief*), Assistant Federal Defenders, *for* Terence S. Ward, Federal Defender, New Haven, CT.

For Plaintiff-Appellee: ROBERT S. RUFF (Amanda S. Oakes and Marc H. Silverman, *on the brief*), Assistant United States Attorneys, *for* Leonard C. Boyle, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from an order of the United States District Court for the District of Connecticut (Dooley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Christopher Rascoll appeals from a sentence entered by the district court after Rascoll pleaded guilty to one count of interference with the right to fair housing in violation of 42 U.S.C. § 3631(a) and one count of sending threatening communications in violation of 18 U.S.C. § 875(c). Rascoll was sentenced principally to an above-Guidelines sentence of 36 months' imprisonment. On appeal, Rascoll argues that the district court committed procedural error by imposing a sentence without properly calculating the Guidelines range, specifically without determining whether he was entitled to a two-point reduction for acceptance of responsibility. Rascoll also argues that the district court's imposition of the above-Guidelines sentence was substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference here only as necessary to explain our decision.

From approximately November 2019 to June 2020, Rascoll repeatedly sent a Jewish woman antisemitic text messages and voicemails in which he threatened her with violence and death. After Rascoll was arrested and charged, psychiatric professionals diagnosed him with

2

several mental illnesses, including schizophrenia, borderline personality disorder, and paranoid personality disorder. Probation calculated Rascoll's Guidelines range as between 15 and 21 months' imprisonment based on a criminal history category of I and an offense level of 14. As part of his later plea agreement, Rascoll accepted responsibility for the underlying offense conduct and, in exchange, the government, like probation, recommended a sentence within the Guidelines range of 15 to 21 months' imprisonment—which reflected the two-point offense level reduction for acceptance of responsibility. Without that reduction, the Guidelines range for Rascoll's conduct was 24 to 30 months' imprisonment.

On August 14, 2021, shortly before his scheduled sentencing, Rascoll sent a letter to the Rockland County District Attorney's office, which was prosecuting Rascoll for charges related to similar offense conduct. In that letter, Rascoll stated in relevant part: "You will NEVER succeed on any conviction nor will you succeed at putting me in [mental health treatment] . . . Neither will little [victim's first name], the Aryan, Drug Running Jew who is an active opiate user but claims to be a sober alcoholic. NUTS." Joint App'x at 56. The letter also threatened the state prosecutor with a violent sexual assault, described in graphic detail.

On August 25, 2021, the district court proceeded with sentencing. During the sentencing hearing, the court expressed skepticism regarding whether Rascoll had truly accepted responsibility for his crimes in light of the August 14 letter. *See* Joint App'x at 105–06 ("It is not entirely clear to me that an adjustment for acceptance of responsibility is appropriate on this record," because of "the letter he sent to the Assistant District Attorney last week in which more of the same conduct occurred, which would suggest that he has not forsaken his criminal activity . . . ."). Regarding the length of sentence, the district court stated that giving Rascoll "credit for acceptance of responsibility . . . is not going to impact the sentence in this case" because "[w]hether the range is 15 to 21 months or 24 to 30 months . . . the Guideline range does not

adequately capture the seriousness of the offense." Joint App'x at 140. The court continued that "the Guidelines—again, whether it's 24 to 30 months or 15 to 21—woefully under[value] the need . . . for this sentence to meet the goals of sentencing: [s]pecific deterrence, incapacitation, and rehabilitation." Joint App'x at 141. On August 26, 2021, the district court sentenced Rascoll to an above-Guidelines term of 36 months' imprisonment.

"We review a district court's interpretation and application of the Guidelines *de novo*, and its factual findings for clear error." *United States v. Solis*, 18 F.4th 395, 401 (2d Cir. 2021) (citations omitted). However, "we review sentences only for reasonableness, a deferential standard limited to identifying abuse of discretion regardless of whether a challenged sentence is inside, just outside, or significantly outside the Guidelines range." *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008) (internal quotation marks and citations omitted).

On appeal, Rascoll argues that the district court did not properly calculate the Guidelines range and thus committed procedural error by imposing a sentence "where there was no complicated question of law or fact that prevented [it] from deciding whether" the offense level reduction for acceptance of responsibility applied. Appellant's Br. at 11. It is clearly established that "[f]ailure to calculate the correct Guidelines range constitutes procedural error." *Peugh v. United States*, 569 U.S. 530, 537 (2013). However, "[i]f we identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." *Solis*, 18 F.4th at 401 (citation omitted); *see also United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009). Here, even assuming *arguendo* that the district court committed procedural error, that error would have been harmless. During sentencing, the district court repeatedly stated that neither Guidelines range—15 to 21 months with the acceptance of responsibility reduction, or 24 to 30 months without the reduction—reflected the

4

gravity of Rascoll's underlying conduct. Thus, the district court clearly indicated that it would have "imposed the same sentence in any event," *Solis*, 18 F.4th at 401, rendering any potential error harmless.

Rascoll additionally claims that his sentence is substantively unreasonable. We give particular deference to district courts when considering questions of substantive unreasonableness and "[w]e will identify as substantively unreasonable only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *Solis*, 18 F.4th at 401–02 (citation omitted); *see also United States v. Richardson*, 958 F.3d 151, 153–54 (2d Cir. 2020). Rascoll's sentence to six months above the upper Guidelines range of 30 months is not "shockingly high." *Solis*, 18 F.4th at 401. This is especially true in light of the district court's explanation for why it believed that a longer sentence was necessary—the seriousness of the offense and the need for deterrence, incapacitation, and rehabilitation. It was not unreasonable for the district court to conclude that, in this instance, neither potential Guidelines range met those stated goals for sentencing. Accordingly, under the circumstances of this case, the district court did not impose a substantively unreasonable sentence.

We have considered Rascoll's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk