22-3189
*United States v. Chalas*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand twenty-four.

PRESENT:

> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                     No. 22-3189

XAVIER CHALAS, a.k.a. Xavier Chales,
a.k.a. Sealed Defendant 1,

> *Defendant-Appellant.*

_____

For Defendant-Appellant:                    Darrell Fields, Assistant Federal
                                            Defender, Federal Defenders of
                                            New York, Inc., Appeals Bureau,
                                            New York, NY.

For Appellee:                               Madison Reddick Smyser, James
                                            Ligtenberg,        Danielle    Renee
                                            Sassoon, Assistant United States
                                            Attorneys, *for* Damian Williams,
                                            United States Attorney for the
                                            Southern District of New York,
                                            New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 20, 2022 judgment of the district court is **AFFIRMED**.

Xavier Chalas appeals from the district court's judgment following his guilty plea to unlawfully possessing ammunition after having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), for which he received a sentence of sixty-seven months' imprisonment to be followed by three years' supervised release.   On appeal, Chalas argues that the district court plainly erred in calculating his base offense level under the United States Sentencing Guidelines and that his sixty-seven-month sentence is substantively unreasonable.   We

assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the procedural and substantive reasonableness of a district court's sentence "under a deferential abuse-of-discretion standard." *United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019) (internal quotation marks omitted). Because Chalas did not raise his procedural challenge to the district court's calculation of his base offense level below, we review that challenge for plain error. *See United States v. Hendricks*, 921 F.3d 320, 326–28 (2d Cir. 2019). To demonstrate plain error, a defendant must establish that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant]'s substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Balde*, 943 F.3d 73, 96 (2d Cir. 2019) (internal quotation marks omitted).

We will set aside a district court's sentence as substantively unreasonable "only in exceptional cases where its decision cannot be located within the range of permissible decisions." *United States v. Aumais*, 656 F.3d 147, 151 (2d Cir. 2011) (internal quotation marks and alterations omitted). In other words, we will only set aside those sentences that are "so shockingly high, shockingly low, or

otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted).

Applying those standards here, we cannot conclude that the district court committed plain error in calculating Chalas's base offense level or that the sentence imposed was substantively unreasonable.

*First*, the district court did not plainly err in determining Chalas's base offense level. At sentencing, the district court (without objection from either party) adopted the Guidelines calculation set forth in the presentence investigation report, which specified a base offense level of 24 based on two prior felony convictions for crimes of violence. *See* U.S.S.G. § 2K2.1(a)(2). For the first time on appeal, Chalas argues that his two prior felony convictions – one for attempted assault under N.Y. Penal Law § 120.05(7) and one for attempted robbery under N.Y. Penal Law § 160.10(2)(a) – do not constitute crimes of violence in light of the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022), and therefore his base offense level should have been 14. *See* U.S.S.G. § 2K2.1(a)(6). To that end, Chalas contends that the commentary to the Guidelines's definition of "crime of violence" in section 4B1.2(a) – which explicitly provides that the term

4

encompasses "attempting to commit such offenses" – conflicts with the text of the guideline itself such that the commentary does not control, and that it was plain error for the district court to rely on this commentary at sentencing.[1] *See id.* § 4B1.2 cmt. n.1 ("Application Note 1"); *id.* § 2K2.1 cmt. n.1 (explaining that, for the purposes of section 2K2.1, the term "[c]rime of violence" has "the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2"). Specifically, he argues that *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), undercut the Supreme Court's holding in *Stinson v. United States* that the Guidelines commentary "must be given controlling weight unless it is plainly erroneous or inconsistent with" the Guideline's text. 508 U.S. 36, 45 (1993) (internal quotation marks omitted).

Chalas's argument that the district court committed plain error in determining his base offense level is unpersuasive. "For an error to be plain, it must, at a minimum, be clear under current law." *United States v. Whab*, 355 F.3d

---

[1] Unless otherwise specified, we refer to the 2021 version of the Guidelines in effect on the date Chalas was sentenced, since doing so does not present any *ex post facto* issue. *See Hendricks*, 921 F.3d at 331 n.51. On November 1, 2023, section 4B1.2 was amended to explicitly provide that the term "crime of violence" includes "the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense." U.S.S.G. § 4B1.2(d) (2023). Application Note 1 was also amended to no longer contain the definitional commentary at issue in this appeal. *See id.* § 4B1.2 cmt. n.1 (2023).

155, 158 (2d Cir. 2004) (internal quotation marks omitted). The purported error Chalas identifies does not qualify, as any impact of the Supreme Court's 2022 decision in *Taylor* on this area of our Circuit's precedent was not evident at the time of Chalas's sentencing such that any error could be considered plain. The definitional commentary to section 2K2.1 *explicitly* incorporates Application Note 1, in addition to the text of section 4B1.2(a), in defining "[c]rime of violence." *See* U.S.S.G. § 2K2.1 cmt. n.1. Chalas fails to identify any binding authority holding that district courts must disregard or otherwise limit the application of this provision. *See Whab*, 355 F.3d at 158.

Moreover, we have repeatedly held that Application Note 1 is valid and authoritative in the context of controlled-substance offenses. *See United States v. Jackson*, 60 F.3d 128, 131 (2d Cir. 1995) (holding that "Application Note 1 is authoritative because it interprets and explains § 4B1.2"); *United States v. Richardson*, 958 F.3d 151, 154 (2d Cir. 2020) ("Application Note 1 is not inconsistent with, or a plainly erroneous reading of § 4B1.2." (internal quotation marks omitted)); *see also United States v. James*, 831 F. App'x 578, 579 (2d Cir. 2020) ("We have repeatedly and recently affirmed the validity of Application Note 1 and we decline to revisit this holding now."); *United States v. Wynn*, 845 F. App'x 63, 66 (2d

Cir. 2021) (rejecting argument that the Supreme Court's decision in *Kisor* undermined *Jackson*). We have also held that attempted assault under a neighboring provision of New York's second-degree assault statute is "categorically a crime of violence" for the purposes of section 4B1.2. *United States v. Tabb*, 949 F.3d 81, 86 (2d Cir. 2020).[2] Chalas's claim that the district court's "conclusion that [his] two 'attempt' offenses constituted crimes of violence is error that is plain," Chalas Br. at 32, is unsupported and indisputably contrary to the weight of binding authority in this Circuit.

*Second*, the district court did not abuse its discretion in sentencing Chalas to sixty-seven months' imprisonment. As explained by the district court at sentencing, there was ample justification for the imposition of a sixty-seven-month sentence in this case: Chalas had an extensive criminal history with numerous acts of violence, he committed several disciplinary infractions while incarcerated for these offenses, and his crime of conviction involved a dangerous shootout in broad daylight. The district court's sentence was plainly reasonable in light of Chalas's history and characteristics, the seriousness of the offense, the need to

---

[2] We have not determined whether assault in the second degree under N.Y. Penal Law § 120.05(7) is categorically a crime of violence for purposes of section 4B1.2. Because Chalas has not briefed this issue, we assume without deciding that a completed violation of that subsection would constitute a crime of violence.

protect the public, and the need to afford adequate deterrence. *See* 18 U.S.C. § 3553(a); *see also Broxmeyer*, 699 F.3d at 289 ("The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." (internal quotation marks omitted)); *United States v. Gonzalez*, 529 F.3d 94, 98 (2d Cir. 2008) (explaining that substantive-reasonableness review "focuses on a district court's explanation of its sentence in light of the factors contained in 18 U.S.C. § 3553(a)").

The record further reflects that the district court carefully considered the various mitigating factors Chalas identifies in his brief on appeal – including his challenging childhood circumstances, mental and physical health issues, cognitive disabilities, youth, family circumstances, and conditions of confinement – and, in fact, found that these factors warranted a below-Guidelines sentence. We note that the district court's sentence was ten months below the bottom of the applicable Guidelines range. *See United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) (explaining that it is "especially" "difficult to find that a below-Guidelines sentence is substantively unreasonable" (internal quotation marks and alterations omitted)). We therefore have no basis to conclude that Chalas's sentence is "shockingly high," *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted),

8

or otherwise "cannot be located within the range of permissible decisions," *Aumais*, 656 F.3d at 151 (internal quotation marks omitted).

We have considered Chalas's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court