22-2776-cr
*United States v. Thompson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand twenty-four.

PRESENT:     Gerard E. Lynch,
             Susan L. Carney,
             Steven J. Menashi,
                  *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee,*

    v.                                                              No. 22-2776

ROBERTO THOMPSON,

      *Defendant-Appellant.*[*]

_____

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

*For Appellee*:                              Maggie Lynaugh, Jacob R. Fiddelman, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

*For Defendant-Appellant*:        Nicholas J. Pinto, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Roberto Thompson challenges the revocation of his supervised release and his corresponding sentence to sixty months of imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

**I**

Pursuant to 18 U.S.C. § 3583(e)(3), a "court may, after considering the factors set forth" in § 3553(a), "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release … if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release."

While "[t]he preponderance standard requires proof that the defendant's violation of supervision was more likely than not," *United States v. Edwards*, 834 F.3d 180, 199 (2d Cir. 2016) (internal quotation marks omitted), "[i]n challenging a violation on sufficiency grounds, a supervisee assumes a heavy burden, because a district court need only be reasonably satisfied that a [supervisee] has failed to comply with the conditions of [supervision]" to justify the revocation of

2

supervised release, *United States v. Browder*, 866 F.3d 504, 508 n.16 (2d Cir. 2017) (internal quotation marks omitted).

We review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019) (quoting *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018)).

## II

Thompson argues that his violation of supervised release was not established by a preponderance of the evidence and that his sentence was substantively unreasonable. *See* Appellant's Br. 12-14, 17-20. We disagree.

First, the evidence demonstrated that Thompson sent harassing and threatening messages to, and repeatedly attempted to call, the former chief psychologist at the United States Penitentiary Big Sandy in Inez, Kentucky. *See* App'x 123-25 (describing more than a hundred phone calls in a single day); *id.* at 75, 108-24 (describing violent and threatening text messages). The district court did not err in concluding that Thompson's claim that he had been hacked made little sense because Thompson admitted to sending some messages and all the messages were sent from the same device. In fact, some that he denied sending were sent within minutes of others which he admitted sending. *See* App'x 133, 186-97, 199. After reviewing the record, we are not left "with the definite and firm conviction that a mistake has been committed." *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

Second, the district court appropriately followed the mandate of 18 U.S.C. § 3583(e) to consider the factors listed in 18 U.S.C. § 3553(a), including "the nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1), the need for the sentence imposed "to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B), and the need for the sentence imposed "to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C).

3

The messages that Thompson sent were graphic and disturbing. *See, e.g.*, App'x 114-15 (including a pornographic video and a threat of choking). Thompson began his misconduct almost immediately after his release, suggesting that he would be likely to commit further crimes if released. *See, e.g.*, App'x 236-37 (reporting a psychiatrist's conclusion that Thompson was "at high risk for reoffense"). And Thompson refused to accept responsibility for his conduct. *See* App'x 186-87, 190, 195 (Thompson denying that he sent the most violent messages).

The district court considered Thompson's background and personal circumstances as mitigating factors. *See* App'x 233-35. But those factors did not overcome other factors calling for a sentence of incarceration. "[T]he weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge … as long as the sentence ultimately imposed is reasonable." *United States v. Verkhoglyad,* 516 F.3d 122, 131 (2d Cir. 2008) (internal quotation marks omitted). The record does not indicate that Thompson's sentence was "manifestly unjust or shocks the conscience" such that it "cannot be located within the range of permissible decisions." *United States v. Richardson*, 958 F.3d 151, 153-54 (2d Cir. 2020) (internal quotation marks and alteration omitted).

* * *

We have considered Thompson's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4