25-350-cr (L)
*United States v. Hollins*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand twenty-six.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

       *Appellee*,

      v.                                         25-350 (L); 25-353 (Con)

ANDREW HOLLINS, AKA ANDREW JONES,

       *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | ANDREW C. GILMAN, Eugenia A.P. Cowles, Assistant U.S. Attorneys *for* Michael P. Drescher, Acting United States Attorney, District of Vermont, Burlington, VT. |
| For Defendant-Appellant: | BARCLAY T. JOHNSON, Assistant Federal Public Defender *for* Michael L. Desautels, Federal Public Defender, Burlington, VT. |

1

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Andrew Hollins appeals from a final judgment entered by the United States District Court for the District of Vermont on January 31, 2025, upon his guilty plea to one count of distributing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); one count of wire fraud, in violation of 18 U.S.C. § 1343; and one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i).   Hollins was sentenced principally to 62 months' imprisonment, to run concurrently to any other sentence, as well as three years' supervised release.

On appeal, Hollins argues that this federal sentence is procedurally and substantively unreasonable by virtue of the district court's failure to adjust his sentence to account for time he spent in federal pretrial detention while serving a sentence imposed in New York State.   We disagree.   In early 2023, Hollins was convicted of unrelated state firearms charges in New York State and was sentenced in Kings County Supreme Court to an indeterminate sentence of two to four years' imprisonment.   On May 16, 2023, pursuant to a writ of *habeas corpus ad prosequendum*, Hollins was transferred from New York State custody to federal custody in the District of Vermont to appear on the charges resulting in the present judgment.   Repeatedly (at a change of plea hearing, in connection with a motion to be returned to state custody, and again at his sentencing) Hollins urged that he should be afforded consideration by the district court for his time in federal pretrial detention in light of the alleged impact of this detention on the time he was serving on his indeterminate New York State sentence.[1]   At the January 31, 2025 sentencing

---

[1] Pursuant to 18 U.S.C. § 3585(b), Hollins was not eligible for credit for time spent in federal pretrial

2

hearing, the district court sentenced Hollins to 62 months' imprisonment, to run concurrently to any other sentence, without either departing downward pursuant to the United States Sentencing Guidelines or imposing a non-Guidelines sentence as Hollins urged. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to **AFFIRM**.

**A. Procedural Reasonableness**

We review a procedural reasonableness challenge to a sentencing decision for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 56 (2007). "Procedural error occurs in situations where, for instance, the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the § 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation." *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011). "A sentencing court's legal application of the Guidelines is reviewed de novo, while the court's underlying factual findings with respect to sentencing, established by a preponderance of the evidence, are reviewed for clear error." *Id.* (internal quotation marks omitted). We assume "that a sentencing judge has faithfully discharged her duty to consider the statutory factors," unless there is record evidence suggesting to the contrary. *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008) (internal quotation marks omitted).

Hollins principally argues that the district court committed procedural error by declining to rule on the issue of whether he should be afforded a reduction in his sentence for time spent in federal pretrial detention while serving a sentence in New York State, thus failing to address his

---

custody from the Bureau of Prisons in the calculation of his federal sentence because he was receiving credit for this period toward his New York State sentence.

central claim that such a reduction "was appropriate because the federal prosecution meant that he lost opportunities to be paroled from his New York State case starting on March 25, 2024." Appellant's Br. at 28. We disagree.

First, the record amply establishes that the district court well understood it could impose a lesser sentence to account for time spent in federal custody on the writ. Hollins moved to be returned to New York State custody after entering his plea, precisely on the theory that absent his return to state custody, he would lose the opportunity for parole. The district court, in denying this motion, expressly noted that "[i]f the real issue is credit, sometimes the Court adjusts its sentence to reflect lost credit, but it needs to make sense." Joint App'x at 61. The court affirmed that it would consider the question of a reduction at sentencing, but would find this argument most persuasive if Hollins could show "that [he] would have been released on parole but for this federal detainer, it would have happened a while ago, [he] would have been getting credit this whole time." Joint App'x at 72–73. The court warned that it was not promising any reduction on this theory— that "sometimes it makes complete sense and sometimes it's like, 'You're serving a sentence in another jurisdiction. Why would you get credit, you know, for it? You're on loan here.'" Joint App'x at 66–67.

Hollins argues that the district court at sentencing declined to rule on the issue, despite the multiple occasions on which he strenuously pursued it. But this argument is belied by the record. At sentencing, defense counsel acknowledged that as the court had heard "over and over from me . . . had the detention situation here allowed Mr. Hollins to go back to a New York state prison and then be in the New York state correctional system and all its parole processes," he would likely have secured parole. Joint App'x at 159–60. The district court expressed skepticism, noting "we had an extended conversation about how likely is it that New York is going to grant him parole

4

with a federal case – federal cases pending," to which defense counsel replied, "I agree, Your Honor. It's a very good point." Joint App'x at 160. Ultimately, the court imposed a sentence that would run concurrently with any previously imposed sentence, as Hollins urged, so that going forward, Hollins would receive federal credit while still serving his New York sentence. But it declined further to "credit" Hollins for time spent thus far in federal custody, noting that "[t]his is not a case in which the defendant is in our custody getting credit on no sentence. It just isn't." Joint App'x at 176. The record is thus clear that the district court understood the scope of its authority. The judge "listened to each argument . . . considered the supporting evidence . . . was fully aware of defendant's various [claims] and imposed a sentence that [took] them into account." *Rita v. United States*, 551 U.S. 338, 358 (2007). To the extent Hollins now argues for more explanation for his within-Guidelines sentence, we repeat, again, that "a brief statement of reasons will generally suffice where the parties have addressed only straightforward, conceptually simple arguments to the sentencing judge." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (internal quotation marks omitted)). Where the record is clear that the district court understood the scope of its authority and exercised it properly, "[s]entencing is a responsibility heavy enough without our adding formulaic or ritualized burdens." *Id.* Accordingly, we discern no basis on which to upset the district court's sentence for procedural error.

**B. Substantive Reasonableness**

"A sentence is substantively unreasonable if it is manifestly unjust or shock[s] the conscience. We will set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Richardson*, 958 F.3d 151, 153–54 (2d Cir. 2020) (internal citations and quotation marks omitted). Here, Hollins argues that his within-Guidelines sentence is substantively

5

unreasonable because it "failed to take into account the numerous and lengthy delays in [his] federal cases as well as Mr. Hollins's lost opportunity to be paroled from his New York State cases." Appellant's Br. at 31. We again disagree.

As discussed, during the proceedings, the district court made clear that it was skeptical that Hollins would be released on parole due to his multiple pending felony charges. Likewise, Hollins does not marshal any evidence suggesting that he would have been released on parole had he been transferred to New York. To the contrary, as the district court highlighted, his multiple felony proceedings across different jurisdictions would have counseled *against* his release on parole. With only his conclusory statements that—but for his detention in Vermont—he would have been granted parole, we cannot say that the district court erred in not varying downward Hollins's sentence.

Moreover, Hollins does not specify what "delays" render his sentence substantively unreasonable, and the record reflects no such delays. Instead, the record shows that the district court accommodated Hollins's requests for extensions of his motion deadlines, held hearings and accepted lengthy briefing on motions seeking suppression of several items, and granted his motion to exclude time under the Speedy Trial Act so that he could negotiate a guilty plea. Any delays, then, were creatures of Hollins's own litigation strategy and, accordingly, do not render the district court's sentence substantively unreasonable.

\* \* \*

We have considered Hollins's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk